IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GARY EDWARD KNOTTS                                                                         PLAINTIFF

v.                          Civil No. 2:17-2006-PKH-MEF

NANCY BERRYHILL, Acting Commissioner of                                        DEFENDANT
the Social Security Administration

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Gary Knotts, submitted this pro se action for filing on January 4, 2017. ECF NO. 1. Currently before the Court is Plaintiff's failure to follow a Court order and failure to prosecute.

**I.     BACKGROUND**

Plaintiff filed his complaint on January 4, 2017. ECF No. 1. An order provisionally filing Plaintiff's complaint and requesting that the Plaintiff complete an IFP application was entered on January 4, 2017. Said order was mailed to Plaintiff on January 4, 2017, at the address he provided. However, the mail was returned as undeliverable on January 12, 2017. Information obtained through the Arkansas Justice Exchange revealed that the Plaintiff was no longer incarcerated.

The Court then entered an order changing Plaintiff's address to the home address he provided when he was booked. ECF No. 4. The previous order directing the Plaintiff to file a completed IFP application was resent to the Plaintiff at this address. Following the expiration of the deadline for the completion of the IFP application, the Court entered an order to show cause, directing Plaintiff to respond by March 20, 2017, or face dismissal of his case. The Court has received no communication from the Plaintiff regarding the requested IFP application or a forwarding address.

1

## II.    LEGAL STANDARD

While pro se pleadings are to be construed liberally, a pro se litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2)

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the Plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district Court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district Court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## II.     DISCUSSION

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## III.     CONCLUSION

Based on the foregoing, we recommend dismissing Plaintiff's Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of March, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE